# MORRISON *v.* LANE.

INDIANS; "CURRENT EXPENSE;" APPROPRIATION ACTS OF CONGRESS; INJUNCTION; STATUTORY CONSTRUCTION.

1. The proceeds from the sale of land ceded to the United States by the Chippewa Indians, placed in the Treasury of the United States to their credit as a permanent fund under the provisions of the act of Congress of January 14, 1889 (25 Stat. at L. 642, chap. 24), is a trust fund held by the United States for those Indians.

2. "Current expense," within the meaning of acts of Congress appropriating money for current and contingent expenses of bureaus of the

government, means regular and ordinary expenses, and not expenses of a special, unusual, or extraordinary character.

3. Under Joint Resolution of Congress of March 4, 1915 (38 Stat. at L. 1228), continuing and making available during the fiscal year 1916, for fulfilling treaty stipulations with various Indian tribes, all appropriations for current and contingent expenses of the Bureau of Indian Affairs remaining unprovided for on June 30, 1915, to the same extent and under the same conditions as were provided for on account of the fiscal year 1915 in the Indian appropriation act for that year, the executive officers of the government having control of the trust fund created by the United States for the Chippewa Indians under the act of Congress of January 14, 1889 (25 Stat. at L. 642, chap. 24), providing that Congress may appropriate from time to time from the principal of such fund a portion of it for the purpose of promoting civilization and self-support among said Indians, have no right to expend from such trust fund for such purposes the same amount as was appropriated for that purpose for the fiscal year 1915, as the appropriation for that purpose for 1915 was a special one; and an injunction at the suit of the Indians will be granted to prevent such expenditure.

4. In construing a statute, its title will be considered only when the words of the statute are doubtful or ambiguous.

No. 2908.   Submitted February 23, 1916.   Decided April 10, 1916.

HEARING on appeal from a decree in the Supreme Court of the District of Columbia dismissing a bill in equity to enjoin the expenditure by the appellees of the sum of $160,000.

*Reversed.*

The facts are stated in the opinion.

*Mr. Webster Ballinger* for the appellant.

*Mr. Preston C. West* Solicitor for the Department of the Interior, and *Mr. C. E. Wright* Assistant Attorney, for the appellees.

Mr. Justice ROBB delivered the opinion of the Court:

Appeal from a decree in the supreme court of the District

dismissing a bill in equity brought by members of the Chippewa Tribe of Indians of Minnesota, for themselves and others similarly situated, to enjoin the expenditure by the appellees of the sum of $160,000.

Section 7 of the act of January 14, 1889 (25 Stat. at L. 642, chap. 24), provided that the proceeds from the disposal of lands ceded to the United States by these Indians should be "placed in the Treasury of the United States to the credit of all the Chippewa Indians in the State of Minnesota as a permanent fund," and that such fund should draw interest at the rate of 5 per cent per annum, payable annually, for the period of fifty years, which interest and fund should be expended for the benefit of the Indians; three fourths of the interest on the fund to be paid annually to the Indians for their support and one fourth to be annually "devoted exclusively to the establishment and maintenance of a system of free schools among said Indians." At the expiration of the fifty years the so-called permanent fund was to be divided *per capita.* The section contained this proviso: "That Congress may, in its discretion, from time to time, during the said period of fifty years, appropriate, *for the purpose of promoting civilization and self-support* among the said Indians, a portion of said principal sum, not exceeding 5 per cent thereof."

Pursuant to the authority contained in the above proviso, Congress included a provision in the Indian appropriation bill of August 1, 1914, making appropriation for the Indian service for the fiscal year 1915 (as had been done for several years previously), specifically authorizing the Secretary of the Interior to withdraw from the Treasury of the United States, "at his discretion," a stated sum including an item of $160,000 from the principal of said Chippewa fund, "and to use the same for the purpose of promoting civilization and self-support among the said Indians in manner and for purposes provided in said act." The Secretary exercised the discretion thus granted and expended $160,000 for the specific purpose named. During the last session of the Sixty-third Congress the regular annual Indian appropriation bill failed of passage. That the current

and contingent expenses of the Indian Bureau might be met and treaty stipulations be carried out, Congress passed a Joint Resolution approved March 4, 1915 (38 Stat. at L. 1228), "Making Appropriations for Current and Contingent Expenses of the Bureau of Indian Affairs, for Fulfilling Treaty Stipulations with Various Indian Tribes, and for Other Purposes." The Resolution provides that all appropriations "for the current and contingent expenses of the Bureau of Indian Affair and for fulfilling treaty stipulations with various Indian tribes which shall remain unprovided for on June thirtieth, nineteen hundred fifteen, are continued and made available for and during the fiscal year nineteen hundred sixteen to the same extent, in detail, and under the same conditions, restrictions, and limitations for the fiscal year nineteen hundred sixteen as the same were provided for on account of the fiscal year nineteen hundred fifteen in the Indian appropriation act for that fiscal year."

The question is presented, therefore, whether this Joint Resolution makes available for the fiscal year 1916 an additional sum of $160,000 for the purpose of promoting civilization and self-support among these Indians. In approaching a consideration of this question, we must bear in mind that this fund is a part of a trust fund in the control of the United States to the credit of these Indians (*Minnesota* v. *Hitchcock,* 185 U. S. 373, 394, 46 L. ed. 954, 965, 22 Sup. Ct. Rep. 650), and that the expenditure thereof must be in accordance with the provisions of the trust. *United States* v. *Mille Lac Band,* 229 U. S. 498, 57 L. ed. 1299, 33 Sup. Ct. Rep. 811. The Comptroller of the Treasury, to whom the question was submitted by the Interior Department, said: "While under a strict technical construction it might be said that the promotion of civilization and self-support among these Indians is neither a current nor contingent expense of the Bureau of Indian Affairs, nor a fulfilment of treaty stipulations, I do not think it was the intent or purpose of the Resolution to so limit the appropriation made thereunder. The title of the Resolution defines its scope as equally as broad as that of the regular annual appropriation act. And I think

it was the intention of Congress to provide, by this Joint Resolution, for the continuation during the fiscal year 1916 of all operations of the Bureau of Indian Affairs that were provided for in the Indian Appropriation Act for the fiscal year 1915, except such as, by their nature, were clearly intended to be completed during the said fiscal year."

We already have seen that under said act of 1889, creating this trust fund, three fourths of the interest accruing on that fund was to be expended annually for the support of these Indians, while the other one fourth of such interest was to be devoted to the establishment and maintenance of a system of free schools for their benefit. It is apparent, therefore, that their support and education were assured through the expenditure of these large sums. As a precautionary measure, however, Congress reserved the right, in its discretion from time to time, to appropriate not exceeding 5 per cent of the principal of said trust fund for the promotion of "civilization and self-support among said Indians." But when Congress exercised this discretion, as it did in the appropriation act of 1915 and previously, the sum thus appropriated formed no part of the appropriations for the current and contingent expenses of the Bureau of Indian Affairs. It was not a current expense, for that term has a well-understood meaning. By it is meant regular and ordinary expenses, and not expenses of a special, unusual, or extraordinary character. *Taylor* v. *Davis* (*Taylor* v. *Mayo*) 110 U. S. 330, 338, 28 L. ed. 163, 166, 4 Sup. Ct. Rep. 147; *Sheldon* v. *Purdy*, 17 Wash. 135, 49 Pac. 228. Nor was it a contingent expense. In addition to the usual expenditures authorized in appropriation acts, it is customary for Congress to make a limited appropriation for "contingent expenses," such as are incidental to any great business, which cannot well be foreseen and therefore cannot be specifically named. *Dunwoody* v. *United States*, 22 Ct. Cl. 269, 280. The $160,000 item in the appropriation for the fiscal year 1915 was a special appropriation to be expended according to the terms of the trust. Clearly, therefore, it was neither a current nor contingent expense of the Bureau of Indian Affairs. Forming no part of the current or contingent expenses

of that Bureau,.and clearly not within any treaty stipulation, it necessarily follows that it was not within the Joint Resolution under consideration.   The words of the Resolution not being doubtful or ambiguous, we are not at liberty to consider the title thereof, since it is only where ambiguity exists in the context that the title is of any importance.   *Cornell* v. *Coyne,* 192 U. S. 418, 48 L. ed. 504, 24 Sup. Ct. Rep. 383.

We conclude, therefore, that the Interior Department was without legal authority to encroach upon this trust fund, and hence that the beneficiaries of the trust are entitled to the relief prayed.   The decree is reversed and the cause remanded for fur-ceedings not inconsistent with this opinion.

*Reversed and remanded.*

An appeal to the Supreme Court of the United States was allowed April 22, 1916.